1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT

7                                            DISTRICT OF NEVADA

8                                                    * * *

9

10    PERCY LAVAE BACON,                          Case No. 2:12-cv-01261-MMD-GWF

11                                 Plaintiff,
                                                              ORDER
12          v.

13    OSWALD REYES, et al.,

14                                 Defendant.

15

16          Plaintiff has submitted a motion to alter or amend judgment and in the alternative

17   to set aside judgment (dkt. no. 10), pursuant to Rules 59 and 60 of the Federal Rules of

18   Civil Procedure.  Because this action is on appeal, this Court lacks authority to grant the

19   motion, but it may:

20                 (1)  defer considering the motion;

21                 (2)  deny the motion; or

22                 (3)  state either that it would grant the motion if the court of appeals remands
                        for that purpose or that the motion raises a substantial issue.
23

24   Fed. R. Civ. P. 62.1(a).

25          The Court has already addressed and rejected much of plaintiff's arguments

26   regarding any possible exception to the requirement of 42 U.S.C. § 1997e(a) that he

27   exhaust his administrative remedies before commencing an action in federal court.

28   Plaintiff newly argues that he has submitted administrative claim forms, which comply

with the exhaustion requirements of Nev. Rev. Stat. §§ 41.031 and 41.0322.  Section 41.031 is a waiver of the State of Nevada's sovereign immunity to suit in state courts, upon compliance with certain limitations.  Notably, the State of Nevada does not waive its immunity from suit in federal court pursuant to the Eleventh Amendment.  Nev. Rev. Stat. § 41.031(3).  Section 41.0322 states that a prisoner in the custody of the Nevada Department of Corrections cannot proceed with an action against the department in state court without first exhausting the administrative remedies provided by Nev. Rev. Stat. § 209.243.  Sections 41.031 and 41.0322 affect a person's ability to bring suit in state court.  These statutes are inapplicable to federal court.  The statute governing a civil action of a prisoner regarding the prison conditions is 42 U.S.C. § 1997e(a).  The statute requires plaintiff to exhaust the administrative remedies that are available. Administrative Regulation 740 of the Nevada Department of Corrections provides an administrative grievance procedure, and plaintiff must exhaust that procedure before he can commence an action in this court.  Consequently, nothing in plaintiff's motion causes the Court to depart from its earlier ruling.

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend judgment and in the alternative to set aside judgment (dkt. no. 10) is DENIED.

DATED THIS 11th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE